No. 56,192

IN THE MATTER OF THE ESTATE OF LEONARD METTEE, DECEASED.

(702 P.2d 1381)

Opinion filed July 26, 1985.

*William E. Scott,* of Kansas City, argued the cause, and *Richard L. Reid,* of Kansas City, was with him on the briefs for appellant.

*Lewis A. Heaven, Jr.,* of Bennett & Heaven, of Shawnee, argued the cause; *Reid F. Holbrook* and *Robert L. Kennedy* of Fallon, Holbrook & Ellis, of Kansas City; *Felix G. Kancel,* of Kansas City; and *Philip E. Lowery* and *Zack V. Chayet,* of Denver, Colorado, were with him on the briefs for appellee.

*Per Curiam:* This is an appeal by the executor and principal beneficiary of the will of Leonard Mettee, deceased, from an order of the Wyandotte District Court denying admission of the will to probate. The Court of Appeals, in a unanimous opinion by Judge Meyer, affirmed. *In re Estate of Mettee,* 10 Kan. App. 2d 184, 694 P.2d 1325 (1985). We granted the petition of the executor for review because the case involved the execution of a will in triplicate. Upon careful and thorough study of the issues raised, we adopt the opinion of the Court of Appeals and affirm that court and the trial court.

The Court of Appeals opinion contains an accurate statement of the facts. On April 14, 1980, Leonard Mettee executed an original and two photocopies of his will. Each was witnessed, notarized and executed with the testamentary formalities required under Kansas law. See K.S.A. 59-606. The original or "ribbon" copy was known to have been in his possession, but could not be found after his death. The trial court and the Court of Appeals held that the common-law presumption of revocation applied. We last recognized that presumption in *In re Estate of Thompson,* 226 Kan. 437, 442, 601 P.2d 1105 (1979), a case relied

upon by the Court of Appeals. *In Thompson*, we stated the presumption as follows:

"Where the facts disclose that a will, duly executed, was in the possession of the testator for some time immediately prior to his death and it cannot be found after his death, a rebuttable presumption arises that he did revoke the will or that he destroyed it with the intention of revoking it." 226 Kan. at 442.

For the reasons stated by the Court of Appeals in its opinion, we conclude that the rule is still applicable in this state, that it has not been revoked by K.S.A. 59-611 or 59-2228, and that it is applicable in cases where two or more duplicate copies of a will are executed with the required formalities and one executed copy is retained by the testator, but cannot be found after his or her death.

The judgment of the Court of Appeals and the trial court is affirmed.