831 P.2d 990

In the Matter of the ESTATE
OF Harold D. HEETER,
Deceased.

David L. HEETER, Petitioner–Appellant,

v.

Agnes T. HEETER, Respondent–
Appellee.

No. 11862.

Court of Appeals of New Mexico.

March 18, 1992.

Certiorari Denied April 22, 1992.

Anthony B. Jeffries, Albuquerque, for petitioner-appellant.

Michael Allison, Albuquerque, for respondent-appellee.

## OPINION

BLACK, Judge.

Harold and Ruth Heeter were married in 1937 or 1938. In 1977 they executed a joint will (Harold and Ruth Will). Ruth Heeter died in 1982. Harold married Respondent, Agnes Wickel, in 1984. Harold and Agnes executed a joint will in 1985 (Harold and Agnes Will). Harold died in 1987.

We discuss whether (1) the district court erred in declining to admit the Harold and Ruth Will to probate; (2) the court erred in finding that the properties held in the joint accounts belonged to Agnes; and (3) the court erred in failing to determine that the Harold and Agnes Will is an irrevocable contract.

Petitioner, the son of Harold and Ruth Heeter, filed this action to have the joint will of Harold and Ruth admitted to probate and declared an irrevocable contract. He also sought to have certain accounts titled in the names of Harold and Agnes "as joint tenants with right of survivorship" included in Harold's estate. Alternatively, if these joint accounts were not included in Harold's estate, Petitioner sought a declaratory judgment that the joint will of Harold and Agnes is a contractual will, and he sought an injunction to prohibit Agnes from conveying property so as to defeat the Harold and Agnes Will. The district court denied probate of the Harold and Ruth Will, found that the joint accounts were the property of Agnes, and refused to enter the declaratory and injunctive relief. We affirm.

### FACTS

At the time he married Agnes, and for some years prior to that, Harold had a bank account at Sunwest Bank. Petitioner was a joint tenant on that account and apparently remained so until Harold died. Upon Agnes's marriage to Harold, Agnes was added to this joint tenancy account. At the time of Harold's death, he and Agnes also held a Sunwest certificate of deposit in joint tenancy with a right of survivorship.

Prior to his marriage to Agnes, Harold also acquired several shares of publicly traded companies. (His primary asset was his local business, American Trailer Leasing, Inc.) Harold's investments were held in an account at E.F. Hutton in his name alone until March 1985. On March 6, 1985, Harold signed the documents necessary to place these stocks in an account naming Agnes as a joint tenant with the right of survivorship. At the time of the creation of the joint account at E.F. Hutton, Harold discussed the effect of joint tenancy with his stockbroker, who told him: "'Now you know, Harold, when you do this, [if] something happens to either one of you, the survivor gets all the securities.'" Harold's response was quite specific: "'Yes, I understand that, and I have made provision for all that in my will.'"

The same week he created the joint account at E.F. Hutton, Harold consulted an attorney regarding preparation of a joint will. Harold and Agnes Heeter met with the attorney about a week before signing the will, but Agnes testified she felt Harold had previously discussed the will with the attorney. Agnes testified that she and Harold told the attorney that "what Harold had—his business would go to the children and what I had, together with my jewelry, which was my house, would go to my daughter." Agnes further testified that the joint tenancy accounts were never discussed with the attorney.

### THE HAROLD AND RUTH WILL

Petitioner bases his argument that the Harold and Ruth Will was contractual and irrevocable on the following language:

So that there may be no presumption of revocation of this Will by us, and in the event that either copy cannot be found after the death of the last of the surviving Testators, we do hereby declare that we will not revoke this Will except by a later Will, expressly revoking this Will, or by the destruction of both executed copies hereof. The production after the death of the last of the surviving Testators of either copy of this Last Will and Testament will be prima facie evidence that this Last Will and Testament is in full force and effect at the time of the death of the last of the surviving Testators.

A contract to make a will must be clearly proved. *McDonald v. Polansky*, 48 N.M. 518, 153 P.2d 670 (1944). To establish a contractual will under New Mexico's version of the Uniform Probate Code, Petitioner had the burden of proving compliance with NMSA 1978, Section 45-2-701 (Repl.Pamp.1989). *In re Estate of Vincioni*, 102 N.M. 576, 698 P.2d 446 (Ct.App.),

*cert. denied,* 102 N.M. 613, 698 P.2d 886 (1985). Section 45–2–701 defines the criteria which must be met in order to uphold a contract to make a will:

A. A contract to make a will or devise, or not to revoke a will or devise, or to die intestate, if executed after the effective date of the Probate Code, can be established only by:

(1) provisions of a will stating material provisions of the contract;

(2) an express reference in a will to a contract; or

(3) a writing signed by the decedent evidencing the contract.

B. The execution of a joint will or contemporaneously executed wills does not create a presumption of a contract not to revoke the will or wills, unless otherwise expressed in both the joint will or the contemporaneously executed wills.

■ The Harold and Ruth Will does not meet these criteria. While there is no question it is a joint and contemporaneously executed will, neither of these facts creates a presumption of a contract not to revoke. § 45–2–701(B); *see also In re Estate of Thwaites,* 173 Mich.App. 697, 434 N.W.2d 214 (1988).

Nor do we think that the previously quoted provision of the Harold and Ruth Will was intended to create a contract to make non-revocable wills. Indeed, the provision's purpose is stated in the initial clause, "[s]o that there may be no presumption of revocation of this Will by us, and in the event that either copy cannot be found." When duplicate wills are executed, failure to produce both originals normally raises a rebuttable presumption of revocation. *Kelly v. Donaldson,* 456 So.2d 30 (Ala.1984); *In re Estate of Mettee,* 237 Kan. 652, 702 P.2d 1381 (1985). We think the intent of the language relied on by Petitioner is to clearly rebut this legal presumption.

Finally, even if the language of the Harold and Ruth Will upon which Petitioner relies complied with the statutory requirements and evidenced a clear intent to create an irrevocable contract, it is not absolute. This clause allows revocation of the Harold and Ruth Will "by a later Will, expressly revoking this Will, or by the destruction of both executed copies hereof." In fact, Harold executed a later will (the Harold and Agnes Will) "expressly revoking this Will." Even if the Harold and Ruth Will could be regarded as contractual, then, the contract did not prevent revocation, but merely limited how it could be effected. *See McKinnon v. Baker,* 220 Neb. 314, 370 N.W.2d 492, 494 (1985) (language of will contract making wills irrevocable " 'so long as the other shall live' " limited revocability only until death of the first spouse).

■ The district court ruled it did not have "jurisdiction over the Will of Harold D. Heeter and his first wife Ruth P. Heeter and [it] is not controlling as to the joint tenancy accounts." While it is not entirely clear what the district court meant by "jurisdiction," we do not find the Harold and Ruth Will to be contractual and irrevocable. The trial court will not be reversed on appeal when it has arrived at a correct result for the wrong reason. *State ex rel. State Highway Dep't v. Strosnider,* 106 N.M. 608, 747 P.2d 254 (Ct.App.1987). We therefore find the Harold and Ruth Will was not contractual, that Harold expressly revoked it by executing the Harold and Agnes Will, and we affirm the district court's refusal to probate the Harold and Ruth Will.

### JOINT ACCOUNTS

■ The district court concluded that Harold Heeter was a successful businessman and that he understood that the property placed in joint tenancy would go to Agnes upon his death. The record contains substantial evidence to support this finding. The trial court's findings will not be reversed if they are supported by substantial evidence. *Mitchell v. Mitchell,* 104 N.M. 205, 216, 719 P.2d 432, 443 (Ct.App.), *cert. denied,* 104 N.M. 84, 717 P.2d 60 (1986).

The same week he retained an attorney to prepare the Harold and Agnes Will, Harold Heeter placed all his publicly traded stocks into joint tenancy with Agnes.

Agnes testified that prior to creating the accounts, Harold had explained to her the meaning of joint tenancy with right of survivorship. At the time of the transfer, Harold's stockbroker specifically informed him, "when you do this, if something happens to either one of you the survivor gets all the securities." Harold's response indicated a clear understanding of this as well as his intention regarding his new will.

Petitioner argues that the district court "should have considered the evidence of Harold Heeter's intent at the time that the joint accounts were created." However, he offers no citation to anything in the record which would indicate Harold's intent was contrary to the conversation with his stockbroker which was the foundation for the district court finding. This court will not search the record to find evidence to support an appellant's claims. *Poorbaugh v. Mullen*, 99 N.M. 11, 653 P.2d 511 (Ct.App.), *cert. denied*, 99 N.M. 47, 653 P.2d 878 (1982).

Moreover, Petitioner concedes that Agnes was reluctant to marry Harold and give up her military benefits until Harold reassured her that he had the means to support her. Agnes also testified at trial that Harold wanted her to have the joint E.F. Hutton account. We find substantial evidence to support the district court's conclusion and it must be upheld. *See Jim v. Budd*, 107 N.M. 489, 760 P.2d 782 (Ct.App. 1987).

Petitioner attempts to shift the burden of proof by arguing that *Menger v. Otero County State Bank*, 44 N.M. 82, 98 P.2d 834 (1940), holds "that the establishment of a joint tenancy account does not by itself create a right of survivorship without a determination of the intent of the grantor and finding of a completed gift." This is not a correct view of the law. Once a joint account is established, the law presumes a right of survivorship. *Barham v. Jones*, 98 N.M. 195, 647 P.2d 397 (1982). After the proponent of joint tenancy introduces an instrument creating title in joint tenants, the opponent must come forward with evidence to the contrary. *In re Estate of Fletcher*, 94 N.M. 572, 613 P.2d 714 (Ct.

App.), *cert. denied*, 94 N.M. 674, 615 P.2d 991 (1980). Petitioner is correct that the presumption created by the introduction of the accounts in the names of Harold and Agnes as joint tenants with rights of survivorship created only a rebuttable presumption, but the burden was clearly on Petitioner to rebut that presumption. Evidence of Harold's dominance alone also does not defeat the presumption created when the parties opened a joint tenancy account. *Cf. In re Estate of Morrow*, 91 N.M. 81, 570 P.2d 912 (1977) (even the act of one joint tenant in withdrawing all the money from a joint account does not destroy the joint estate). Complete surrender of dominion and control is not required before a party is entitled to rely on the presumption of a right of survivorship created by a joint tenancy. *Kinney v. Ewing*, 83 N.M. 365, 368, 492 P.2d 636, 639 (1972). Moreover, there is sufficient evidence to support a finding of a gift in the fact that Harold opened and funded the accounts with a full understanding of the meaning of joint tenancy. *See Brown v. Dougherty*, 74 N.M. 80, 390 P.2d 665 (1964).

Petitioner contends that Harold's response to his stockbroker's statement regarding joint tenancy indicates an intent contrary to making a gift. Petitioner emphasizes the fact that "[v]irtually simultaneously with creation of the joint account at E.F. Hutton, Harold Heeter was making arrangements for preparation and execution of his last will and testament, jointly with Agnes T. Heeter." Petitioner argues that this statement, together with the statements to his attorney that he wanted "his children to have the property jointly, subject to the trust for Agnes," indicates Harold did not intend the joint accounts to convey a present gift to Agnes, but rather to pass under the will.

Initially, we note that the majority of Harold's estate consisted of his interest in the stock and assets of American Trailer Leasing Company and this was in fact the only "property" which he specifically identified in his discussions with the attorney preparing his will. Under the Harold and Agnes Will this property will indeed pass to

the children, subject to the trust for Agnes, so we see nothing inconsistent in Harold's statements to his attorney and the fact he had previously placed his other assets in joint accounts.

Secondly, it appears that Harold may have also intended to pass some of his property to his children through joint tenancy. After Ruth's death, but prior to his marriage to Agnes, Harold added his son David to his Sunwest checking account as a joint tenant with a right of survivorship. While there was testimony that David was added as a joint tenant for convenience, there is no explanation as to why this form would be more convenient. Nor does it seem consistent with Harold's later, clearly expressed understanding of the significance of joint tenancy on his estate plans. Petitioner did not contend below, and does not on appeal, that he obtained an interest in the Sunwest checking account, but rather that Harold created all the joint tenancy accounts for purposes of convenience. The district court found otherwise and we find substantial evidence to support its finding.

Finally, there is nothing inherently inconsistent between a testator's expressing an intent to dispose of his estate in a certain fashion and later establishing a joint survivorship account with a family member. In *Thompson v. Barngrover*, 101 N.M. 216, 680 P.2d 356 (Ct.App.1984), we held that evidence of the testatrix's continuing intent to distribute her property according to the terms of her will did not, standing alone, rebut the presumption that a joint account creates a right of survivorship.

### THE HAROLD AND AGNES WILL

 Petitioner's last argument is that the Harold and Agnes Will is an irrevocable contract. This will disposed of those items of Harold's property not held in joint tenancy as follows:

All of the property owned by HAROLD D. HEETER he hereby gives, devises and bequeaths to his children named above, in equal shares, subject to the following life care provision:

A. In the event that Harold D. Heeter is survived by Agnes T. Heeter, the personal representative shall use for the support, maintenance and necessary medical care of Agnes T. Heeter a sum necessary to support her in the style which she is presently enjoying.

B. For this purpose, ⅓ of the estate of Harold D. Heeter shall be held in trust by Sunwest Bank to be used for the purpose set out in paragraph A above.

C. After the death of Agnes T. Heeter, if any portion of said sum set aside for her support and maintenance and medical care is left on hand, that sum shall be divided equally between the children of Harold D. Heeter.

Everything Agnes receives from Harold under this will provision is held in trust and, upon Agnes's death, is divided equally between Petitioner and his sister. Since we previously affirmed the trial court's finding that the Sunwest bank account and certificate of deposit as well as the E.F. Hutton account passed by law to the joint tenant, Agnes, by right of survivorship, a determination that the Harold and Agnes Will is irrevocable would have no practical or legal effect. On appeal, error will not be corrected if it will not change the result. *Wright v. Brem*, 81 N.M. 410, 467 P.2d 736 (Ct.App.1970).

### CONCLUSION

We hold the Harold and Ruth Will does not meet the criteria for irrevocable wills set forth in Section 45–2–701, and we affirm the district court's refusal to probate this will in light of the subsequent express revocation in the Harold and Agnes Will. We also affirm the district court's finding that Harold Heeter understood the legal effect of creating the joint accounts with a right of survivorship in Agnes. Finally, since it will not change the result, we decline to determine whether the Harold and Agnes Will establishes a contract not to revoke.

Judgment affirmed.

IT IS SO ORDERED.

DONNELLY and FLORES, JJ., concur.