This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**INARA CEDRINS,**

Plaintiff-Appellant,

v.                                                                          **NO. 30,543**

**SANTA FE COMMUNITY COLLEGE,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Inara Cedrins
Chicago, Ill

Pro Se Appellant

Sutin, Thayer & Browne, P.C.
Susan M. Hapka
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Plaintiff appeals pro se from an order granting Defendant's motion for summary judgment on Plaintiff's claim for breach of contract and granting Defendant's motion to dismiss on the remainder of Plaintiff's claims. We proposed to affirm in a notice of proposed summary disposition, and Plaintiff filed a timely objection to our proposed disposition. Defendant then filed a timely memorandum in support of our proposed summary disposition. After reviewing Plaintiff's objection and Defendant's memorandum, we remain convinced that affirmance is appropriate and thus we affirm the district court's order dismissing Plaintiff's claims and granting summary judgment to Defendant.

"Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582 . "The movant need only make a prima facie showing that he is entitled to summary judgment. Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Roth v. Thompson*, 113 N.M. 331, 334-35, 825 P.2d 1241, 1244-45 (1992) (citations omitted). A party opposing summary judgment may not simply argue that evidentiary facts requiring a trial on the merits may exist, "nor may [a

party] rest upon the allegations of the complaint." *Dow v. Chilili Coop. Ass'n*, 105 N.M. 52, 54-55, 728 P.2d 462, 464-65 (1986).

**Breach of contract**

In our previous notice of proposed summary disposition, we proposed to affirm the order granting summary judgment on Plaintiff's breach of contract claim because governmental entities such as Defendant are immune from actions based on contract unless the action is based on a written contract. [RP 266-274, 280-290] *See* NMSA 1978, § 37-1-23(A) (1976). We noted that, in the absence of a valid written contract between Plaintiff and Defendant, sovereign immunity bars Plaintiff's breach of contract claim and any other claims based upon an alleged contract or agreement between Plaintiff and Defendant. *See, e.g.*, *Cockrell v. Board of Regents of N.M. State Univ.*, 2002-NMSC-009, ¶ 10, 132 N.M. 156, 45 P.3d 876 (discussing the doctrine of sovereign immunity generally, and stating that, under Section 37-1-23(A), the state is immune from contract actions that are not based on a valid written contract); *see also Handmaker v. Henney*, 1999-NMSC-043, ¶ 14, 128 N.M. 328, 992 P.2d 879 (interpreting the language of Section 37-1-23(A) to suggest that the legislature intended to "establish an entitlement on the part of the government not to stand trial or face the other burdens of litigation for actions based on unwritten contracts").

Plaintiff was explicitly told to produce a copy of the written contract including a copy of the portions of the student handbook upon which she relied and the portions which were allegedly breached. [RP 267, 384] She failed to do so and instead produced a few course descriptions, some information from Defendant's website, some emails between herself and an instructor working for Defendant, and additional irrelevant materials, which she claims constitute a written contract. [Obj. 1; RP 111-131, 384] We are unpersuaded that these materials establish a written contract between Plaintiff and Defendant. [RP 384] *See Campos de Suenos, Ltd. v. County of Bernalillo,* 2001-NMCA-043, ¶ 26, 130 N.M. 563, 28 P.3d 1104 (expressing "grave reservations" whether any implied-in-fact contract should override governmental immunity outside of the employment context); *cf. Ruegsegger v. Board of Regents of W. N.M. Univ.*, 2007-NMCA-030, ¶¶ 21-37, 141 N.M. 306, 154 P.3d 681 (holding that, even if a student under some set of circumstances could assert a breach of contract claim against a governmental entity based upon the terms of a student handbook, given the materials presented in this case, the plaintiff had failed to state such a claim).

In light of Plaintiff's failure to establish a written contract, the district court was justified in concluding that Defendant is immune from suit on all causes of action brought by Plaintiff in contract and dismissing those claims with prejudice.

4

**Unfair Practices Act, NMSA 1978, §§ 57-12-1 to -26 (1967, as amended through 2009) (UPA) and Other Claims Sounding in Tort**

In our previous notice, we proposed to affirm the dismissal of Plaintiff's claim based on the UPA because the UPA does not cover governmental entities such as Defendant. *See Stansell v. New Mexico Lottery*, 2009-NMCA-062, ¶ 12, 146 N.M. 417, 211 P.3d 214 (holding that a state entity is not a "person" subject to the UPA). Moreover, we proposed to hold that Plaintiff's claims based on fraud, misrepresentation, or any other claims sounding in tort were properly dismissed because she failed to present a claim for which immunity had been waived under the Tort Claims Act, NMSA 1978, §§ 41-4-1 to -27 (1976, as amended through 2009) (TCA). [RP 384] *See Valdez v. State*, 2002-NMSC-028, ¶ 9, 132 N.M. 667, 54 P.3d 71 (holding that sovereign immunity is not waived under the TCA for claims based upon "economic compulsion or constructive fraud" so "the government cannot be sued for these causes of actions").

In her objection, Plaintiff continues to claim that Defendant and its agents should have given her additional information about the courses provided and information about other less expensive alternatives, but she fails to show how her contentions establish a claim for which immunity has been waived under the TCA. [Obj. 1-2] Therefore, we affirm the dismissal of Plaintiff's claims under the UPA and any other claims for economic damages sounding in tort.

**Remaining issues**

In her objection, Plaintiff reasserts her contention that "[e]vidence showed Plaintiff was at the top of her class" and that certain of her questions were never answered. [Obj. 2] She claims that the failure to answer her questions proves negligence and substandard teaching. [Obj. 2] Given that Plaintiff's claims against Defendant were dismissed based on grounds of sovereign immunity, any such negligence on the part of Defendant's staff in failing to answer Plaintiff's questions or misstating Plaintiff's academic standing is immaterial to the dismissal of her complaint. Therefore, these contentions, even if true, do not warrant reversal of the district court's order dismissing Plaintiff's complaint. *See generally In re Estate of Heeter*, 113 N.M. 691, 695, 831 P.2d 990, 994 (Ct. App. 1992) (stating that "[o]n appeal, error will not be corrected if it will not change the result").

**Conclusion**

For the reasons set forth above and those discussed in our notice of proposed summary disposition, we affirm the district court's order dismissing Plaintiff's claims and granting summary judgment to Defendant on Plaintiff's claim for breach of contract.

**IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**JONATHAN B. SUTIN, Judge**