This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DUSTY STONE**,

Plaintiff-Appellant,

v.                                                             NO. 30,872

**COUNTY OF QUAY, FRANKLIN McCAUSLAND, BILL CURRY, ROBERT LOPEZ, RICHARD PRIMROSE, and LARRY MOORE**,

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**David P. Reeb, Jr., District Judge**

Dusty Stone
San Jon, NM

for Appellant

Slease & Martinez, P.A.
William D. Slease
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Plaintiff appeals an order dismissing his complaint for failure to state a claim. In this Court's notice of proposed summary disposition, we proposed to affirm. Plaintiff has filed a memorandum in opposition, which we have duly considered. As we are not persuaded by Plaintiff's arguments, we affirm.

**Dismissal Pursuant to Rule 1-012(B)(6) NMRA**

In this Court's notice of proposed summary disposition, we proposed to affirm the dismissal of Plaintiff's claim for breach of contract because a county commission's meeting minutes do not constitute a valid, written contract under which a county or its commissioners may be sued. *See Campos de Suenos, Ltd. v. Cnty. of Bernalillo*, 2001-NMCA-043, ¶¶ 23-28, 130 N.M. 563, 28 P.3d 1104. Therefore, as there was no written contract, we proposed to hold that Plaintiff's claim against Defendant County of Quay was foreclosed by NMSA 1978, Section 37-1-23(A) (1976), which states that "[g]overnmental entities are granted immunity from actions based on contract, except actions based on a valid written contract." We also proposed to hold that the minutes on which Plaintiff relied as the basis for his breach of contract claim against the individual Defendants did not support his allegation of a contract between those individuals and Plaintiff. *See Healthsource, Inc. v. X-Ray Assocs. of N.M.*, 2005-NMCA-097, ¶ 19, 138 N.M. 70, 116 P.3d 861 (affirming the dismissal of a breach of contract claim where the complaint alleged a valid written

contract, but the contract itself did not support the claim, and stating that "where an obligation in the pleading does not conform to the writing exhibited as a basis thereof, the document rather than the pleading controls").

In Plaintiff's memorandum in opposition, he asserts that the commission minutes constitute written evidence of an oral contract between Plaintiff and the individual Defendants. However, Plaintiff's complaint was specifically based on an allegation of a written contract, not on any oral agreement. [RP 1-3] Furthermore, although Plaintiff's complaint referred to a "verbal offer," the complaint alleges that Plaintiff "did not accept the verbal offer." [RP 2] There can be no contract where there is no acceptance of an offer. *See Hartbarger v. Frank Paxton Co.*, 115 N.M. 665, 669, 857 P.2d 776, 780 (1993) ("Ordinarily, to be legally enforceable, a contract must be factually supported by an offer, an acceptance, consideration, and mutual assent."). We therefore conclude that the district court did not err in dismissing Plaintiff's claim for breach of contract.

In this Court's notice of proposed summary disposition, we proposed to affirm the dismissal of Plaintiff's claim for constructive fraud because the Tort Claims Act provides immunity from suit for such a claim for both governmental entities and public employees. *See* NMSA 1978, § 41-4-4(A) (2001) ("A governmental entity and any public employee while acting within the scope of duty are granted immunity from

3

liability for any tort except as waived by the New Mexico Religious Freedom Restoration Act and by Sections 41-4-5 through 41-4-12 NMSA 1978."); *see also Valdez v. State*, 2002-NMSC-028, ¶ 9, 132 N.M. 667, 54 P.3d 71 (upholding the district court's dismissal of a claim for constructive fraud against a governmental entity and a public employee pursuant to Rule 1-012(B)(6) NMRA because such claims are not permitted by the Tort Claims Act).

In Plaintiff's memorandum in opposition, he argues that Defendants were acting outside of their scope of duties by attempting to bribe Plaintiff. However, as we stated in our notice of proposed summary disposition, such actions, even if proved, would not deprive Defendants of the protections of the Act. *See Celaya v. Hall*, 2004-NMSC-005, ¶ 25, 135 N.M. 115, 85 P.3d 239 (explaining that a public employee's "scope of duties" under the Tort Claims Act is not limited to acts officially requested, required, or authorized because such an interpretation of the Act "would render all unlawful acts, which are always unauthorized, beyond the remedial scope of the TCA[,]" and stating that the Act "clearly contemplates" immunity for "employees who abuse their officially authorized duties, even to the extent of some tortious and criminal activity"). Therefore, we conclude that the district court did not err in dismissing Plaintiff's claim of constructive fraud.

**Whether the Motion Should Have Been Treated as a Motion for Summary Judgment**

Plaintiff asserts that the district court erred by refusing to treat Defendants' motion to dismiss as one for summary judgment. [DS 2] In our notice of proposed summary disposition, we proposed to find no reversible error because even if the district court erred, such error did not prejudice Plaintiff. This Court will not reverse an error when the ruling will not change the result. *See In re Estate of Heeter,* 113 N.M. 691, 695, 831 P.2d 990, 994 (Ct. App. 1992). Plaintiff's memorandum in opposition restates the general rule regarding when a motion to dismiss shall be treated as one for summary judgment, but Plaintiff does not respond to this Court's proposed analysis regarding the lack of prejudice. [MIO 3] We find no reversible error because Plaintiff has not demonstrated that this claimed error prejudiced him. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**The Lack of Findings and Conclusions**

Plaintiff contends that the district court erred by not making findings of fact and conclusions of law in ruling on the motion to dismiss. In our notice of proposed summary disposition, we explained that Rule 1-052(A) NMRA provides that such findings and conclusions are unnecessary. Plaintiff responds by arguing that Rule 1-

5

041(B) NMRA requires the entry of findings and conclusions. [MIO 3] However that rule applies when a case has been tried by the district court, which did not occur here. Accordingly we conclude that the district court did not err in refusing to enter findings and conclusions.

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**CYNTHIA A. FRY, Judge**