This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                              **NO. 33,105**

**BRANDO HOWARD,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Gary K. King, Attorney General
Corinna Laszlo-Henry, Assistant Attorney General
Santa Fe, NM

for Appellant

Emeterio L. Rudolfo
Farmington, NM

for Appellee

## MEMORANDUM OPINION

**VIGIL, Judge.**

{1}     The State appeals the district court's order suppressing evidence obtained following a traffic stop. This Court issued a notice of proposed summary disposition, proposing to affirm. The State has filed a memorandum in opposition, which we have duly considered. As we are unpersuaded by the State's arguments, we affirm the district court's order suppressing evidence arising from the traffic stop.

{2}     The sole issue in this appeal is whether the traffic stop at issue was based upon a reasonable suspicion that Defendant violated one of three statutes relied upon by the State below. The State's sole witness at the suppression hearing was the arresting officer. As noted in our proposed summary disposition, [CN 6] that witness's testimony, along with the State's theories supporting reasonable suspicion, was internally inconsistent. According to the testimony received at the hearing, Defendant was driving on the inside lane of a four-lane highway, he illegally changed lanes from the inside lane to the outside lane, and he then made an illegal right-hand turn from the inside lane. [DS unnumbered pages 2-3; RP 68 (describing both an illegal turn from the inside lane and failure to use caution before entering the outside lane)] That testimony is consistent with the fact that the witness issued Defendant citations for both an illegal lane change and an illegal right turn. [RP 29-30]

{3}     Of course, if Defendant changed lanes from the inside lane (illegally or otherwise), he was already in the outside lane before making the right-hand turn for

which he was cited. On appeal, the State continues to argue both that Defendant made an illegal lane change [See DS unnumbered page 2 (citing NMSA 1978, § 66-7-317 (1978))] and that Defendant made an illegal right-hand turn [See DS unnumbered page 3 (citing NMSA 1978, § 66-7-322 (1978))]. Thus, in attempting to establish the existence of a reasonable suspicion that would support the traffic stop at issue, the State argued—and continues to argue—two alternative sets of facts. In its memorandum in opposition, the State now suggests that the district court must have disregarded the officer's testimony regarding an illegal turn when it found that Defendant changed lanes before making a right-hand turn. [MIO 4] On that basis, the State argues that this Court should conduct a full review of the evidence presented below, making summary disposition inappropriate. [MIO 3]

{4} The district court's finding regarding a lane change, however, was amply supported by the officer's own (contradictory) testimony that Defendant changed lanes. [RP 68; see also MIO 10 (continuing to assert that Defendant "changed lanes into the path of a rapidly approaching vehicle")] That finding is also supported by the fact that the record contains a citation issued by that officer to Defendant for an improper lane change. [RP 29] Thus, the record currently before this Court provides all the support necessary to review the issue asserted by the State. Further, in deciding that issue, we need not resolve the internal conflicts in the State's theory of the case

3

or scrutinize evidence that would have supported a contrary result, since the question before this Court is simply whether the district court's "decision is supported by substantial evidence, not whether the trial court could have reached a different conclusion." *In re Ernesto M., Jr.,* 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318. In the present case, the record demonstrates that there was substantial evidence to support the district court's finding that Defendant changed lanes.

{5}     The State also complains of various other factual findings made by the district court, including where the Bisti Highway expands to four lanes after an intersection, whether a truck making a right turn was "merging" onto that roadway, and the way that the district court described the driver of that truck's failure to yield and subsequent braking to avoid a collision. [MIO 4-5] The State's complaints appear to be semantic, in that they are principally directed at the district court's choice of words rather than the substance of the suppression order. And, in any event, the State does not explain how any of these purported factual disputes are material to the district court's decision to suppress the evidence at issue in this appeal. Because it is not the purpose of this Court to correct errors that have no effect on the outcome of a case, *In re Estate of Heeter,* 1992-NMCA-032, ¶ 23, 113 N.M. 691, 831 P.2d 990, assignment to the general calendar in order to review these purported disputes would serve no purpose.

**{6}** The State's memorandum in opposition also continues to assert that it was error for the district court to apply the doctrine of comparative fault to Defendant's conduct. [MIO 6-7] However, for the reasons explained in our notice of summary disposition [CN 4-5] (but not addressed in the State's memorandum in opposition thereto), we find that the district court did not apply that doctrine to any issue in this case. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{7}** Similarly, the State also continues to assert its general argument that it was reasonable to stop Defendant because "he changed lanes into the path of a rapidly approaching vehicle." [MIO 10] As explained in our notice of summary disposition, however, the district court could properly have determined that Defendant's change of lanes was not unsafe, since Defendant—and not the "rapidly approaching vehicle"—had the right-of-way. [CN 4-6] The State's repetition of its argument that the Defendant must have failed to ascertain that it was safe to change lanes does not satisfy its burden of demonstrating that the proposed disposition would be error. *Mondragon*, 1988-NMCA-027, ¶ 10.

5

**{8}** The State's memorandum in opposition does not provide new facts or authorities that persuade us that our proposed summary disposition was in error. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. The State has failed to do so. Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the district court's suppression order.

**{9}** **IT IS SO ORDERED.**


_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**



_____

**LINDA M. VANZI, Judge**



_____

**TIMOTHY L. GARCIA, Judge**