This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CONCERNED CITIZENS OF WAGON MOUND, and MORA COUNTY, SOFIA MARTINEZ, and LILY MARTINEZ,**

Appellants,

v.                                                          NO. 34,791

**STATE OF NEW MEXICO ENVIRONMENT DEPARTMENT, and NORTHEASTERN NEW MEXICO REGIONAL LANDFILL, LLC,**

Appellees.

**APPEAL FROM THE NEW MEXICO ENVIRONMENT DEPARTMENT**
**Ryan Flynn, Secretary**

Sofia Martinez
Albuquerque, NM

Lily Martinez
Wagon Mound, NM

Pro Se Appellants

New Mexico Environment Department
John B. Verheul, Assistant General Counsel
Albuquerque, NM

for Appellees New Mexico Environment Department

Hinkle Shanor LLP
Thomas M. Hnasko
Gary W. Larson
Julie A. Sakura

for Appellees Northeastern New Mexico Regional Landfill LLC

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Appellant has filed this appeal of an administrative decision issued by the New Mexico Environment Department (NMED), granting a solid-waste permit modification to Northeastern New Mexico Regional Landfill, Inc. (NNMRL). We issued a notice of proposed disposition proposing to affirm, and Appellant has responded with a memorandum in opposition. In addition, NMED and NNMRL have each filed a memorandum in support. We have carefully considered the arguments raised in the memorandum in opposition, but continue to believe that affirmance is the correct result in this case. Therefore, for the reasons stated below and in our notice of proposed disposition, we affirm.

{2}     In our notice we pointed out that since the facility in question is not located in a vulnerable area, as defined by NMED's regulations, NNMRL was not required to

2

hold a community information meeting or allow written comments from the public. *See* 20.9.3.8(D)(1) NMAC. Therefore, we proposed to find that any procedural problems that may have occurred during the meeting process were not grounds for reversal, as NNMRL merely conducted the meetings on a voluntary basis. In response, Appellant argues, without citation to authority, that once NNMRL decided to hold a meeting, it created binding expectations in the community and it was required to comply with all of the regulatory requirements that would apply to a community information meeting. [MIO 2-3] Since Appellant has not directed us to any regulation, case, or other authority for this proposition, we decline to adopt it. *See State v. Ortega*, 2014-NMSC-017, ¶ 59, 327 P.3d 1076 (declining to consider an argument because the defendant cited no authority in support of the argument). In addition, we note that as a matter of substance we do not agree with Appellant's position. When a regulated entity takes on an extra, purely voluntary task, it would be unfair to punish that entity by requiring it to strictly comply with regulatory requirements. In other words, a regulated entity that takes extra steps to inform a community of the issues, even though those steps are not required by the regulations, should not be put in a worse position than an entity that decides to forego such extra steps.

{3}     Appellant next argues that the vulnerable-area definition contained in the applicable regulations violates the United States and New Mexico Constitutions. [MIO

4] Appellant concedes that the definition is not discriminatory on its face, but argues that it is applied in a discriminatory fashion. In support of this argument Appellant does not include a single citation to the record in this case; instead, Appellant presents broad arguments concerning rural communities populated by people of color, the high poverty rate in Mora County, the failure of the vulnerable-area definition to include a reference to race or ethnicity, the cost to the state of permitting a landfill facility, and environmental-justice litigation that targets discriminatory siting of hazardous waste facilities in poor, sparsely populated rural communities. [MIO 4-10] While making for interesting reading, this scholarly discussion is of little use in deciding the issue presented in this appeal—whether the vulnerable-area definition, as applied to this particular permit-modification decision, resulted in unconstitutional discrimination against the surrounding population. Appellant referred to no information in the administrative record tending to establish a discriminatory motive on the part of NMED or NNMRL, and we will not search the voluminous record in an attempt to find evidence supporting her broad assertions. *See In re Estate of Heeter*, 1992-NMCA-032, ¶ 15, 113 N.M. 691, 831 P.2d 990. In addition, Appellant referred to no information in the record demonstrating that the vulnerable-area definition has been applied differently in areas populated by minorities than in other areas. Instead, Appellant's arguments appear to boil down to an assertion that historically, hazardous-

waste sites have been located in rural locations containing relatively poor populations, so the vulnerable-area definition is discriminatory as a matter of law. We are unable to accept this line of reasoning and we therefore find that Appellant has not shown the definition is discriminatory, either on its face or as applied.

{4}     Appellant next provides a history of the permitting processes for NNMRL, from the inception of the facility to the present. She points out that several times in the past, either the courts or NMED have rejected efforts by NNMRL to modify its permit to allow it to accept special wastes. [MIO 11-13] Appellant argues that the community's fifteen-year record of vigilance in opposing the special-waste modification must count for something. [MIO 11] Also, Appellant contends the hearing officer improperly refused to consider what she terms the "River of Tires" incident, in which one Mr. Daniels (presumably an owner or executive with NNMRL) was ordered to remove 300,000 tires from state trust land a number of years ago. Finally, without citing to any portion of the administrative record, Appellant makes a vague argument about the facility manager's landfill facilities in other locations, including foreign locations, and the hearing officer's refusal to consider information about those operations. [MIO 12] We cannot say it was arbitrary and capricious or an abuse of discretion for the hearing officer to focus on NNMRL's recent history of compliance with applicable regulations and requirements. *See N.M. Att'y Gen. v. N.M. Pub. Regulation Comm'n*, 2013-

NMSC-042, ¶ 9, 309 P.3d 89 (setting out appellate standard of review for decisions by an administrative agency). In addition, as we pointed out in the notice of proposed summary disposition, the prior legal proceedings involving NNMRL have no collateral estoppel effect in this case because the concerned events that occurred years ago and thus the issues presented in those proceedings are not the same as the issues presented by this one. Finally, we will not search the record to attempt to find evidence to support Appellant's contentions about the other landfill facilities operated by NNMRL's manager in places like Alabama or the Philippines. *See In re Estate of Heeter*, 1992-NMCA-032, ¶ 15.

{5} Again without citation to any evidence in the record, Appellant maintains that the special wastes brought to NNMRL will come from Mexico, Central America, Latin America, and throughout the United States. [MIO 13] This unsupported contention contradicts the information contained in NNMRL's application, as discussed in our notice of proposed summary disposition, indicating that the special waste will come from various locations in New Mexico. Given the lack of any citation to record evidence, we do not consider this contention.

{6} In Appellant's last issue, she raises a number of arguments and makes a number of factual allegations, none of which are supported by citations to evidence in the administrative record. *See id.* We have reviewed Appellant's arguments and are not

persuaded that any one of them demonstrates an abuse of discretion or arbitrary action on the part of NMED.

**{7}** Based on the foregoing, as well as the discussion contained in the notice of proposed summary disposition, we affirm the NMED's decision in this matter.

**{8}** **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____
**STEPHEN G. FRENCH, Judge**