This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41265

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ALEXANDER LARA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF MORA COUNTY**
**Abigail Aragon, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** Defendant appeals the district court's order revoking his probation for violating the zero tolerance reporting requirement in the probation agreement. Unpersuaded that Defendant's amended docketing statement demonstrated error, this Court issued a notice proposing to summarily affirm. Defendant has responded with a memorandum in opposition to our notice, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** Defendant continues to challenge the sufficiency of the evidence to support the conclusion that he violated the probation agreement. [MIO 9-12] In response to our notice, Defendant contends that his failure to report to the probation office "appears to have been caused by transportation issues" and thus was not a willful violation. [MIO 11] The memorandum in opposition does not explain the factual basis for the speculation that Defendant's failure to report was beyond his control and caused by transportation issues, and we do not see support for such a theory in the record or in the vague and confusing recitation of events in the docketing statement. The docketing statement indicates that the probation officer testified that Defendant gave her numerous excuses for his failures to report and ultimately did not report to the probation office on the firm dates given to him. [DS 3-4] Our proposed analysis noted the lack of any indication that Defendant provided an excuse for his noncompliance with the firm dates [CN 3], and Defendant's memorandum in opposition does not clearly explain whether or how this observation is incorrect. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 ("A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact."), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Thus, we are not persuaded that Defendant has demonstrated error in our proposed assessment of the sufficiency of the evidence.

**{3}** Defendant's memorandum in opposition also continues to contend that the district court erred by denying his motion to suppress evidence or otherwise sanction the State for the untimely disclosure of its witness list. [MIO 4-9] Defendant rightfully points out this Court's mistaken statement that Defendant admitted he failed to object to the late witness list. [MIO 5; CN 4] *See Mondragon*, 1988-NMCA-027, ¶ 10. Our notice, however, acknowledged that Defendant moved to exclude the only witness on the list at the adjudication hearing, and, in any event, we addressed the merits of Defendant's claim on appeal. [CN 4-5] Our notice proposed to agree with the district court that because dismissal is not required for a violation of Rule 5-805(I) NMRA, Defendant must show prejudice to establish grounds for relief. [CN 5] Our review of the record and docketing statement showed a lack of prejudice resulting from the late witness list. [CN 4-5] Defendant's memorandum in opposition contains only an assertion of prejudice and speculation by trial counsel, not a showing of prejudice. [MIO 8] *See State v. Leon*, 2013-NMCA-011, ¶ 41, 292 P.3d 493 ("An assertion of prejudice is not a showing of prejudice." (internal quotation marks and citation omitted)); *In re Estate of Heeter*, 1992-NMCA-032, ¶ 23, 113 N.M. 691, 831 P.2d 990 ("On appeal, error will not be corrected if it will not change the result."). Thus, we are not persuaded that Defendant has demonstrated reversible error.

**{4}** For the reasons provided in this opinion and in our notice, we affirm the district court's order revoking Defendant's probation.

**{5}   IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**JACQUELINE R. MEDINA, Judge**