This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41298**

**MICHAEL NAJIBI,**

Plaintiff-Appellant,

v.

**JASPER DUSTIN ATWATER,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Manuel I. Arrieta, District Court Judge**

Michael Najibi
Las Cruces, NM

Pro Se Appellant

Jasper Dustin Atwater
Las Cruces, NM

Pro Se Appellee

### MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** Plaintiff, pro se, appeals the district court's judgment and decision, ruling that the parties had a binding agreement that Plaintiff would give his cat to Defendant. Unpersuaded that Plaintiff's docketing statement demonstrated error, we issued a notice proposing to summarily affirm. Plaintiff has responded to our notice with a memorandum in opposition. We remain unpersuaded that the district court erred and affirm.

**{2}** Our notice proposed to affirm on grounds that the record supported the existence of a valid and binding agreement that Plaintiff would give up his rights to the cat and

Defendant would provide a home and care for the cat. [CN 3-4] Plaintiff's response to our notice contains a heartfelt plea for the return of the beloved cat, but does not contain a showing of legal error. Plaintiff's heartfelt plea does not demonstrate grounds on which we can grant relief. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 ("A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement.), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{3}** Our notice also proposed to hold that while the district court's oral comments relative to Plaintiff's ability to care for the cat given his age may not have been appropriate, they do not constitute grounds for reversal because those comments were not part of the district court's written decision, they were unnecessary to support the judgment, and the decision was adequately supported by other valid and appropriate reasons and findings. [CN 4-5] Plaintiff's response to our notice does not demonstrate prejudice from the district court's oral comments or otherwise demonstrate legal error. *See Mondragon*, 1988-NMCA-027, ¶ 10.

**{4}** Lastly, Plaintiff's response asserts that Defendant made false statements, which Plaintiff was not able to rebut. [MIO 2] Plaintiff, however, did not raise this matter in his docketing statement, does not explain how he was unable to respond to the unidentified, allegedly false statements, does not identify any particular legal support or error, and does not show how his inability to respond affected the result. *See* Rule 12-210(D)(2) NMRA (providing that the memorandum in opposition should not argue issues not contained in the docketing statement unless good cause is shown); *State v. Laney*, 2003-NMCA-144, ¶¶ 32-33, 134 N.M. 648, 81 P.3d 591 (refusing to address arguments raised on appeal, where the appellant cites no standard of review and points to no specific error); *In re Estate of Heeter*, 1992-NMCA-032, ¶ 23, 113 N.M. 691, 831 P.2d 990 ("On appeal, error will not be corrected if it will not change the result."); *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (refusing to address issues unsupported by cited authority).

**{5}** Based on the foregoing, we hold that Plaintiff has not demonstrated grounds for reversible error. Thus, for the reasons stated in this opinion and in our notice, we affirm the district court's judgment and decision.

**{6}** **IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**SHAMMARA H. HENDERSON, Judge**