This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41096

**MICHAEL ALSTAD,**

Plaintiff-Appellant,

v.

**CITY OF ALBUQUERQUE,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Daniel E. Ramczyk, District Court Judge**

Western Agriculture, Resource and
Business Adovocates, LLP
A. Blair Dunn
Jared R. Vander Dussen
Albuquerque, NM

for Appellant

City of Albuquerque
Victoria A. Gammill
Ian G. Stoker
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** Plaintiff appeals from the district court's order granting summary judgment in favor of Defendant, on Plaintiff's claim pursuant to the Whistleblower Protection Act (WPA), NMSA 1978, §§ 10-16C-1 to -6 (2010). [2 RP 449-51] This Court issued a notice of proposed disposition considering Plaintiff's arguments and proposing to affirm.

[CN 6] Plaintiff has filed a memorandum in opposition to this Court's notice of proposed disposition. Defendant has filed a memorandum in support. Having given due consideration to Plaintiff's arguments, this Court affirms the grant of summary judgment.

**{2}**     In this Court's calendar notice, we proposed to conclude that the district court did not err in resolving this complaint at the summary judgment phase. [CN 6] We acknowledged that Plaintiff argued that disputed material facts remained, but we noted that Plaintiff's docketing statement did not contain "a single fact regarding his case that would allow this Court to propose to conclude that the district court erred." [CN 4] *See* Rule 12-208 NMRA; *State v. Talley*, 1985-NMCA-058, ¶ 23, 103 N.M. 33, 702 P.2d 353 (explaining that a docketing statement is intended to serve as a fair substitute for the complete record on the summary calendar).

**{3}**     In response to our notice, Plaintiff provides this Court with facts that Plaintiff claims are material and remain in dispute. [MIO 2-4] However, Plaintiff does not elaborate as to how those allegedly disputed facts are material to the WPA claim that Plaintiff asserts against Defendant. Plaintiff's response does not provide, for example, an explanation of the grounds on which Defendant sought summary judgment, the evidence presented to support Defendant's claims, the grounds on which the district court ruled, and how Plaintiff's evidence and argument in district court responded to Defendant's showing, in order to defeat summary judgment. *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."); *In re Estate of Heeter*, 1992-NMCA-032, ¶ 15, 113 N.M. 691, 831 P.2d 990 ("This [C]ourt will not search the record to find evidence to support an appellant's claims.").

**{4}**     As we explained in our calendar notice, on summary judgment, with regard to factual disputes, the non-moving party is required to set forth "specific facts showing that there is a genuine issue for trial." *See* Rule 1-056(E) NMRA. "A party opposing a motion for summary judgment must make an affirmative showing by affidavit or other admissible evidence that there is a genuine issue of material fact once a prima facie showing is made by the movant." *Associated Home & RV Sales, Inc. v. Bank of Belen*, 2013-NMCA-018, ¶ 29, 294 P.3d 1276 (internal quotation marks and citation omitted). "[T]he party opposing summary judgment has the burden to demonstrate the existence of specific evidentiary facts which would require trial on the merits. A party may not simply argue that such evidentiary facts might exist, nor may it rest upon the allegations of the complaint." *Horne v. Los Alamos Nat'l Sec., L.L.C.*, 2013-NMSC-004, ¶ 15, 296 P.3d 478 (alteration, internal quotation marks and citations omitted). [CN 3] *See also Lotspeich v. Golden Oil Co.*, 1998-NMCA-101, ¶¶ 12, 19, 125 N.M. 365, 961 P.2d 790 (indicating that affidavits submitted in opposition to motion for summary judgment should be "neither conclusory nor without a factual base").

**{5}**     Thus, while Plaintiff now argues that Plaintiff "upon information and belief has knowledge" that someone at the Albuquerque Police Department informed a "backgrounder" from another law enforcement agency that the Albuquerque Police Department was pursuing revocation of Plaintiff's law enforcement certification [MIO 3],

Plaintiff fails to explain how this assertion "upon information and belief" goes towards his WPA claim or meets the standards required of Plaintiff as the non-moving party for summary judgment. Plaintiff needed to offer an affirmative showing by affidavit or other admissible evidence to dispute Defendant's motion for summary judgment—to which Defendant attached multiple examples of documentary evidence supporting that no such revocation was pursued. [1 RP 100, 103, 106-7] Rule 1-056(E); *Associated Home & RV Sales, Inc.*, 2013-NMCA-018, ¶ 29. Plaintiff could not defeat summary judgment by resting upon the allegations of his complaint or simply arguing that such evidentiary facts might exist "upon information and belief." [MIO 3]. *See Horne*, 2013-NMSC-004, ¶ 15. Because Plaintiff did not meet his burden as the non-moving party on summary judgment, the district court did not err in granting Defendant's motion.

**{6}** Although we are not required to examine the record as to the merits of Plaintiff's claim, our independent review of the record also supports affirmance. The district court explicitly found in favor of Defendant on multiple aspects of Plaintiff's WPA claim; even one element could be dispositive. For example, the district court concluded that the undisputed material facts demonstrated that Plaintiff could not name any rule or regulation that the Albuquerque Police Department violated in conducting a high speed pursuit. [2 RP 423] The WPA required Plaintiff to show that the "unlawful or improper act" that Defendant committed

> means a practice, procedure, action or failure to act on the part of a public employer that: (1) violates a federal law, a federal regulation, a state law, a state administrative rule or a law of any political subdivision of the state; (2) constitutes malfeasance in public office; or (3) constitutes gross mismanagement, a waste of funds, an abuse of authority or a substantial and specific danger to the public.

Section 10-16C-2(E). While Plaintiff speculated that Defendant violated a standard operating procedure with regard to a high speed pursuit, Plaintiff failed to point to any such standard operating procedure or "to any specific or substantial danger to the public." [2 RP 423-34] This caused Plaintiff's WPA claim to fail.

**{7}** Another example: the district court also concluded that the undisputed material facts did not show that Plaintiff had suffered a "retaliatory action," which is defined as "taking any discriminatory or adverse employment action against a public employee in the terms and conditions of public employment." Section 10-16C-2(D). As the district court summarized, Plaintiff's claim that Defendant interfered with his law enforcement certification "is based solely upon inadmissible hearsay. Plaintiff has no admissible evidence on this point." [2 RP 424] "Once Defendant came forward with [affidavits of Albuquerque Police Department supervisors], Plaintiff had the legal burden to provide competent admissible evidence with which to create a material issue of fact." [*Id.*] We agree with the district court.

**{8}** "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Bank of N.Y. Mellon v.*

*Lopes*, 2014-NMCA-097, ¶ 6, 336 P.3d 443 (internal quotation marks and citation omitted). "An issue of fact is 'genuine' if the evidence before the court considering a motion for summary judgment would allow a hypothetical fair-minded fact[-]finder to return a verdict favorable to the non[]movant on that particular issue of fact. An issue of fact is 'material' if the existence (or non[]existence) of the fact is of consequence under the substantive rules of law governing the parties' dispute." *Associated Home & RV Sales, Inc.*, 2013-NMCA-018, ¶ 23 (internal quotation marks and citation omitted). After considering the arguments, we conclude that Plaintiff did not place in dispute any genuine issues of material fact at the time of the motion for summary judgment, and therefore, the district court did not err in granting Defendant's motion.

{9}     For the reasons stated above and in this Court's notice of proposed disposition, we hold that Plaintiff has not established that the district court erred by granting summary judgment in favor of Defendant. We therefore affirm.

{10}    IT IS SO ORDERED.

JANE B. YOHALEM, Judge

WE CONCUR:

J. MILES HANISEE, Judge

SHAMMARA H. HENDERSON, Judge