This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-37634

**SUSAN K. BRAKE,**

     Petitioner-Appellee,

v.

**SCOTT BRAKE,**

     Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark T. Sanchez, District Judge**

The Sawyers Law Group
Melissa A. Sawyers
Hobbs, NM

for Appellee

Glen L. Houston
Hobbs, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Respondent appeals a qualified domestic relations order. This Court issued a notice of proposed summary disposition proposing to affirm, and Respondent has filed a memorandum to supplement his docketing statement, which we construe as a memorandum in opposition to our proposed disposition. Having duly considered that document, we are unpersuaded by Respondent's arguments and affirm the order of the district court.

**{2}** Before turning to the merits of this appeal, however, we pause to again direct counsel's attention to our appellate rules, which require that a docketing statement contain "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented." Rule 12-208(D)(3) NMRA. Such a summary of the relevant proceedings below is necessary because our calendaring process relies upon the docketing statement prepared by trial counsel to serve as a fair substitute for the complete record on appeal. *State v. Talley*, 1985-NMCA-058, ¶ 23, 103 N.M. 33, 702 P.2d 353.

**{3}** These rules exist because it is not the proper role of this Court to search the record "for facts, arguments, and rulings in order to support generalized arguments." *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104. Nor is it proper for us to review "unclear arguments, or guess at what [a party's] arguments might be." *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076. To do so involves developing a party's arguments "effectively performing the parties' work for them [and creates] . . . a substantial risk of error." *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53. And, of course, developing a party's appellate argument would be an entirely inappropriate role for an impartial judiciary. For that reason, this Court will not search the record on appeal to ascertain the facts supporting the claims of an appellant. *In re Estate of Heeter*, 1992-NMCA-032, ¶ 15, 113 N.M. 691, 831 P.2d 990.

**{4}** Instead, this Court operates pursuant to a presumption of correctness in favor of the trial court's rulings, *see State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error), and it is the appellant's burden to demonstrate error on appeal. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the trial court erred). Thus, failure to provide this Court with sufficient facts may result in affirmance of the decision below. *See State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483 (holding that the appellant's failure to provide the court with a summary of all the facts material to consideration of an issue on appeal necessitated a denial of relief).

**{5}** In our calendaring process, this Court uses the docketing statement to determine whether an appeal should be assigned to the general, summary, or legal calendar. *See* Rule 12-210(B) NMRA. For appeals, like this one, that have been assigned to the summary calendar, we issue a notice of proposed summary disposition explaining the basis for our proposed disposition. Rule 12-210(D)(1). The parties then have twenty days from the date of that notice to respond by way of memoranda in opposition or support. Rule 12-210(D)(2). An appellant's memorandum may include a motion to amend the docketing statement to assert new issues, which this Court will grant for good cause shown. *Id.*

**{6}** The notice of proposed summary disposition in this appeal explicitly informed Respondent that:

the information contained in Respondent's docketing statement is insufficient to address the issues raised on appeal. Thus, in any memorandum in opposition to this proposed disposition that Respondent chooses to file, he should include a thorough summary of the proceedings below, including how any error complained of was incorporated into the order on appeal.

[CN 5-6] In response to that notice, Respondent has filed a memorandum to supplement his docketing statement and the deadline for filing a memorandum in opposition to summary affirmance has now passed. Rather than affirm on the basis that Respondent has not filed a memorandum in opposition, we construe the document Respondent has filed as a memorandum in opposition. That memorandum asks this Court to review two of the three issues raised in the docketing statement. [MIO 3]

**{7}**     The first of those issues involved a "credit/set off" of $3,893.62 that Petitioner asserts should have been $6,393.62, based upon his payment of a property tax debt after the entry of an order dividing community property and debts. [MIO 1, 3] Although this Court has no duty to search the record for facts, *Muse*, 2009-NMCA-003, ¶ 72, we note that it appears Respondent presented some sort of evidence regarding the payment of that tax debt, and the district court entered an order reciting both that he would be credited for that payment in the form of a credit in the division of a retirement account and also that the amount of the credit was $3,893.62. [RP 149] Respondent filed a written objection to that amount after the hearing [RP 112-13], and again after the order was filed [RP 158-60]. Respondent also acknowledged that he had "reluctantly" stipulated to the $3,893.62 amount during the hearing. [RP 159]

**{8}**     It is entirely unclear what evidence and stipulations were before the district court when it determined the amount of the credit at issue in this appeal. On the basis of the sparse information available to us regarding that credit, we conclude that Respondent has not met his burden, in opposing our proposed summary disposition, "to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683; *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (explaining that the repetition of earlier arguments does not meet a party's burden to come forward and specifically point out errors of law or fact in a notice of proposed summary disposition), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{9}**     The second issue addressed in Respondent's memorandum in opposition involves a sanction of $100 per day imposed upon him for a period of time in which he did not execute a document. [MIO 3] As his primary basis for suggesting that the sanction was an abuse of discretion, Respondent asserts that opposing counsel made misrepresentations to the district court regarding the timing of communications between counsel for the parties. [Id.] We note, however, that the circumstances surrounding those communications was the subject of dispute below. [RP 168-171, 172-76, 177-78, 181-86] Respondent has not informed this Court whether or how the district court resolved that factual dispute.

**{10}** In any event, it appears that the timing of communications between counsel was collateral to the real question of whether Respondent had an obligation to execute the document at issue. With regard to that obligation, Respondent asserts only that he was "reluctant to sign any releases" because of a concern about tax liability. [MIO 2] Based upon our limited factual understanding of the proceedings below, we are not persuaded that the district court abused its discretion by imposing the sanction.

**{11}** Ultimately, Respondent's memorandum in opposition does not provide new facts or authorities that persuade us that our proposed summary disposition was in error. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy*, 1998-NMCA-036, ¶ 24. Respondent has failed to do so. Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the order of the district court.

**{12}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**BRIANA H. ZAMORA, Judge**